Matter of Samenga (2019 NY Slip Op 02103)





Matter of Samenga


2019 NY Slip Op 02103


Decided on March 20, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2018-13408

[*1]In the Matter of Loretta Frances Samenga, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Loretta Frances Samenga, respondent. (Attorney Registration No. 1668029)



MOTION by the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), based upon her conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division in the Second Judicial Department on March 5, 1980.



Catherine A. Sheridan, Hauppauge, NY (Stacey J. Sharpelletti of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On May 21, 2012, the respondent pleaded guilty before the Honorable Gaetan Lozito, Judge of the First District Court, Suffolk County, to driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(2), as a class E felony. The respondent's first notice to this Court of her felony conviction was by letter dated June 15, 2018.
The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90(4)(b) based upon her felony conviction. Although the respondent was duly served, she has neither opposed the motion nor interposed any response thereto.
Pursuant to Judiciary Law § 90(4)(a), the respondent was automatically disbarred and ceased to be an attorney upon her conviction of a felony.
Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), is granted to reflect the respondent's automatic disbarment as of May 21, 2012.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the motion is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Loretta Frances Samenga, is disbarred, effective May 21, 2012, and her name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Loretta Frances Samenga, shall comply with the rules [*2]governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Loretta Frances Samenga, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Loretta Frances Samenga, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court